IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | )     Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ESTATE OF WILLIAM H. FULLER, | ) |
| deceased, and SUSAN J. HAMON, as | ) |
| Trustee of the SUSAN J. HAMON | ) |
| TRUST DATED SEPTEMBER 21, | ) |
| 1987, as amended, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

The plaintiff United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to enforce the federal estate tax lien under 26 U.S.C. § 6324A (for estate tax that the defendant Estate of William H. Fuller deferred under 26 U.S.C. § 6166) against certain real property located in Oakland County, Michigan.  For its complaint, the United States alleges as follows:

### JURISDICTION AND PARTIES

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 1331, 1340, and 1345.

2. William H. Fuller died on February 23, 2002.

3. Mr. Fuller's estate (the "Estate"), acting through executor Conrad D. Chapman, timely filed a federal estate tax return (Form 706, the "Return") on November 21, 2002.

4. The Return self-reported an estate tax liability of $355,869.00 (the "Liability"). The Estate paid $57,202.00 toward the Liability with the Return. On January 6, 2003, the IRS properly assessed the Liability against the Estate.

5. The Estate is named as a defendant because this is an action to collect the Estate's outstanding estate tax liability by enforcing a lien that the Estate voluntarily gave to the United States, along with the Susan J. Hamon Trust Dated September 21, 1987, as amended.

6. Susan J. Hamon is the daughter of the decedent, William H. Fuller, and a beneficiary of the Estate. Pursuant to 26 U.S.C. § 7403(b), she is joined as a defendant to this action in her capacity as trustee of the Susan J. Hamon Trust Dated September 21, 1987, as amended, because that is how title to the Property is currently held and she thus may claim an interest in the Property against which the United States seeks to enforce its lien. Ms. Hamon, as trustee, also consented to the establishment of the United States' lien for the Liability against the Property.

### THE § 6166 AGREEMENT AND THE PROPERTY

7. On line 3 of Part III of the Return, the Estate timely elected to defer payment of the balance of its estate tax liability in accordance with 26 U.S.C. § 6166.

8. The United States and the Estate subsequently reached an agreement (the "§ 6166 Agreement") to secure payment of the Estate's outstanding estate tax liability by giving the United States a lien, pursuant to 26 U.S.C. § 6324A, against certain specified assets (the "§ 6324A Lien").

9. One of the specified assets against which the Estate gave the United States the § 6324A Lien was the real property located at 5525 Bentwood Lane, Commerce Township, Michigan 48382 (the "Property"), which has the following legal description:

> Land situated in the Township of Commerce, County of Oakland, State of Michigan, more particularly described as:
>
> Unit 126, of "Huron Hills Condominium", a condominium according to the Master Deed recorded in Liber 11137, Page 594 through 669, inclusive, Oakland County Records, and designated as Oakland County Condominium Subdivision Plan Number 645, together with rights in common elements and limited common elements as set forth in the Master Deed (and Amendments thereto) and as described in Act 59 of the Public Acts of 1978, as amended.

Being the property conveyed to Susan J. Hamon, Trustee of the Susan J. Hamon Trust Dated September, 1987, as amended, by quit claim deed of Susan Marudas Hamon, a/k/a Susan J. Hamon, dated August 25, 1998, and recorded with the Oakland County Recorder at Liber 18911, Page 403, on September 2, 1998.

10. The IRS properly recorded a "Notice of Federal Estate Tax Lien Under Internal Revenue Laws" (Form 668-J) against the Property on March 3, 2004, with the Oakland County Recorder at Liber 32364, Page 018.

## COUNT ONE
### (Claim to Enforce § 6324A Lien Against the Property)

11. Although the Estate made interest-only payments toward its estate tax liability in 2003, 2004, 2005, and 2006, the Estate failed to make the required payments of the principal beginning in 2007. *See* 26 U.S.C. § 6166(a)(3) (deferring payment of first installment for no more than 5 years).

12. In 2009, the Estate made several payments totaling $2,200.00, an amount far less than the required annual payment under the § 6166 Agreement. *See* 26 U.S.C. § 6166(a)(1) (deferred tax must be paid in no more than 10 equal installments).

13. The IRS held the Estate in default of the § 6166 Agreement as of December 22, 2010. Pursuant to 26 U.S.C. § 6166(g)(3)(A), the entire unpaid balance of the Estate's deferred liability for estate tax then became due upon notice and demand from the IRS.

14. The period for collection of the Estate's liability was extended during the pendency of the § 6166 Agreement. *See* 26 U.S.C. § 6503(d).

15. The Estate brought a collection due process (CDP) appeal, which was pending between July 6, 2011, and January 19, 2012, a total of 197 days. By operation of 26 U.S.C. § 6330(e)(1), the pendency of the CDP appeal suspended the running of the period of limitations for collection of the Estate's liability under 26 U.S.C. § 6502(a).

16. After accounting for any abatements, payments, and credits, the Estate's liability for estate tax has a balance due of $514,918.59 as of August 1, 2018. This balance due includes assessed and accrued late-payment penalties under 26 U.S.C. § 6651 and statutory interest through the aforementioned date. Statutory additions continue to accrue.

17. The IRS gave the Estate notice of its outstanding federal estate tax liability and demanded payment from the Estate.

18. Despite proper notice and demand, the Estate has failed, neglected, or refused to pay its full estate tax liability.

19. The § 6324A lien should be enforced through a judicial sale of the entire Property in accordance with 26 U.S.C. § 7403 (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Property; second, to pay any real estate taxes due and owing which are entitled to priority; third, to the United States for application toward the Liability.

WHEREFORE, the plaintiff United States of America requests the following relief:

A.    Judgment enforcing the 26 U.S.C. § 6324A Lien against the Property on the terms described above; and,

B.    Any other and further relief as the Court determines is just and proper.

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Edward J. Murphy*
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6064 (v)
202-514-5238 (f)
Edward.J.Murphy@usdoj.gov

Local Counsel:

SAIMA S. MOHSIN
Acting United States Attorney

PETER A. CAPLAN
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9784
P30643
Email: peter.caplan@usdoj.gov